IN THE UNITED STATES COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| RICHARD KOTERAS, § | |
| *Plaintiff*, § | |
| § | |
| v. § | Civil Action No: 5:19-CV-851 |
| § | |
| BRIGGS EQUIPMENT, INC., § | |
| *Defendant*. § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Plaintiff, Richard Koteras, and files this Original Complaint complaining of Defendant Briggs Equipment, Inc. ("Briggs") and for cause of action would show the Court the following:

**I.**

**INTRODUCTION**

1. This action seeks damages, attorneys' fees, taxable costs of the court, pre-judgment and post-judgment interest as a result of civilly wrongful conduct in violation of the laws of the United States.

1.2 Plaintiff, by counsel, brings this action for damages and other legal and equitable relief for Defendant's violations of the Age Discrimination in Employment Act in demoting him and forcing his constructive discharge.

**II.**

**THE PARTIES**

2.1 Plaintiff is an individual who can be contacted through counsel.

2.2 Defendant Briggs Equipment, Inc. is an entity that may be served through its registered agent for service, Cheryl M. Gosch, 5949 Sherry Lane, Suite 1900, Dallas, Texas 75225.

### III.

### JURISDICTION, VENUE AND CONDITION PRECEDENT

3.1     The amount in controversy exceeds the jurisdictional minimum amount in controversy for this Court. The Plaintiff was employed with Defendant. This Court has federal question jurisdiction over Plaintiffs' claims pursuant to 29 U.S.C. §621 through §634.

3.2     This action lies in the United States District Court for the Western District of Texas pursuant to 28 U.S.C. § 1391(b) and (c) because it is the district where Defendant is located and where a substantial part of the facts that led to this claim occurred and thus is subject to jurisdiction and venue within this judicial district.

3.3     All conditions precedent have been performed or have occurred.

### IV.

### FACTS

4.1     Plaintiff began working for Briggs on November 15, 1987 as a salesman before being promoted to branch manager in 2005. Plaintiff had no disciplinary issues during his employment and was a valued asset to Briggs.

4.2     In early 2016 a fellow branch manager in Mississippi called Plaintiff and told him that he had complained to their boss, Vice President Corey Harvey, that Plaintiff was making too much money. When the issue of a merit raise came up later that year Plaintiff was told by Mr. Harvey that he was not receiving a raise because he already made too much money.

4.3     Mr. Harvey made other comments regarding Plaintiff's age. He made comments about Plaintiff's "'70s mustache", implying that he wore an old man's style of mustache. During a discussion regarding Plaintiff's experience with a particular style of equipment Mr. Harvey stated

that Plaintiff's experience was useless because it had happened so far in the past (prior to his employment with Briggs).

4.4     In August, 2016, Briggs employees participated in donating to the American G.I. Forum National Veterans Outreach, which included the donation of manual labor. When Harvey introduced Plaintiff he stated that Plaintiff was at the event for the "photo op", implying he was incapable of doing manual labor at his age.

4.5     On or about August 19, 2016 Plaintiff was informed that his position was being eliminated. He was given the option of retiring and accepting a severance package or taking a demotion to Sales Manager with a $40,000 per year pay cut. Almost immediately after being so informed, Briggs replaced Plaintiff with a considerably younger man (38 versus Plaintiff's 60) who was given the title Branch Manager and who became Plaintiff's superior. Plaintiff was not interested in retiring or being demoted and he felt he was being discriminated against because of his age. However, Plaintiff knew that if he were to separate from Briggs prior to the end of the year it would jeopardize the stock options he was entitled to for the year, so he decided to stay on in the Sales Manager role. Plaintiff retired from Briggs effective December 31, 2016. The company has a history of eliminating positions of employees who are older.

## V.

## CAUSES OF ACTION

5.1     The allegations contained in Paragraphs 4.1 through 4.5 inclusive are hereby incorporated by reference for all causes of action.

**Age Discrimination under the Age Discrimination in Employment Act**

5.2     The conduct of Defendant towards Plaintiff, through its agents, employees, managers, and supervisors, as set forth above constitutes age discrimination in direct violation of the Age Discrimination in Employment Act ("ADEA").

5.3     Plaintiff was selected for unfavorable treatment by Defendant, including his demotion and constructive termination, because of his age.  There is no legitimate non-discriminatory reason for Defendant's actions, and if such a reason is propounded, it is a pretext.  Plaintiff's age was a causal, a determining or a motivating factor in Defendant's decision to demote Plaintiff and otherwise discriminate against him. Unlawful discrimination moved Defendant toward its decision or was a factor that played a part in Defendant's employment decisions as to Plaintiff. The unlawful practices committed by Defendant were and are a direct cause of Plaintiff's damages, as more fully set forth below. But for Plaintiff's age, Defendant would not have demoted, terminated, and forced Plaintiff to retire.

5.4     Plaintiff was over the age of 40 at the time of his demotion and was qualified to perform his job. Plaintiff was constructively terminated when he was demoted.

## VI.

## DAMAGES

6.1     As a result of Defendant's unlawful conduct, Plaintiff has suffered economic and actual damages, including past and future lost income, back wages or back pay, interest on back pay and front pay, future wages or front pay, employment benefits in the past and future, lost earnings in the past and future, and all lost benefits under the contract or employment relationship.

6.2     In addition and as a result of Defendant's unlawful and willful conduct, and the fact that Defendant did not have a good faith basis for its decisions, Plaintiff seeks liquidated damages in the amount of double the amounts owed listed above.

## VII.

## ATTORNEYS' FEES AND EXPERT FEES

7.1     A prevailing party may recover reasonable attorneys' fees, expert fees, and costs under the ADEA. Plaintiff brings suit for these fees from Defendant. Plaintiff seeks all reasonable expert fees and attorneys' fees in this case, including preparation and trial of this lawsuit, post-trial, pre-appeal work, any appeal to a court of appeals or supreme court, and post-judgment discovery and collection in the event execution on the judgment is necessary.

## VIII.

## JURY DEMAND

8.1     Plaintiffs hereby demand a trial by jury of all the issues and facts in this case and tenders the requisite fee.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and, upon final trial, Plaintiff have Judgment against Defendant as requested above, and as follows:

1.     Judgment against Defendant for all damages alleged in this petition;

2.     Interest before and after judgment at the highest rate provided by law, until paid;

3.     Costs of suit;

4.     Reasonable and necessary attorneys' fees and expert witness fees;

5. Injunctive and declaratory relief; and

6. Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

THE MELTON LAW FIRM, P.L.L.C.
2705 Bee Cave Road, Suite 220
Austin, Texas 78746
(512) 330-0017 Telephone
(512) 330-0067 Facsimile

/s/ John F. Melton
John F. Melton
jmelton@jfmeltonlaw.com
State Bar No. 24013155
Michael W. Balcezak
State Bar No.: 24012236
Michael@jfmeltonlaw.com

ATTORNEYS FOR PLAINTIFF